**ARENA FOOTBALL LEAGUE, INC., as licensee of Gridiron Enterprises, Inc., an Illinois corporation, Plaintiff,**

v.

**E. Guy ROEMER, Roemer and Featherstonhaugh, P.C., and Jardine Insurance Agency–Michigan, Inc., Defendants.**

**No. 96 C 1769.**

United States District Court, N.D. Illinois, Eastern Division.

Sept. 10, 1996.

Jill Arlene Dougherty, Richard H. Ferri, John Carmen Sciaccotta, Kelly, Olson, Rogan and Siepker, Chicago, IL, Ronald James Kurpiers, II, Arena Football League, Inc., Fort Lauderdale, FL, for plaintiff.

Michael P. Tone, Kristi Ann Gleim, Wilson, Elser, Moskowitz, Edelman & Dicker, Chicago, IL, for E. Guy Roemer, Roemer and Featherstonhaug, P.C.

Steven B. Varick, Antonia Sexton Pritchard, McBride, Baker & Coles, Chicago, IL, for Jardine Insurance Agency–Michigan, Inc.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

On March 27, 1996, plaintiff, Arena Football League, Inc. ("AFLI"), filed a four count complaint against defendants, E. Guy Roemer, Roemer & Featherstonhaugh, P.C. ("R & F"), and Jardine Insurance Agency–Michigan, Inc. ("Jardine"), alleging that defendants counseled it to misrepresent facts in its application for workers' compensation insurance for its football teams that was filed in Delaware in 1993. AFLI sets forth counts for malpractice, breach of fiduciary duty, and negligent misrepresentation. All defendants have filed motions to dismiss arguing that this court lacks personal jurisdiction over them and is not the proper venue. Mr. Roemer and R & F alternatively request that I transfer this lawsuit to the Northern District of New York. For the reasons discussed below, Jardine's motion to dismiss is granted; and Mr. Roemer and R & F's motion to dismiss, or in the alternative, to transfer is denied.

 AFLI bears "the burden of establishing a prima facie case for personal jurisdiction." *Michael J. Neuman & Associates, Limited v. Florabelle Flowers, Incorporated,* 15 F.3d 721, 724 (7th Cir.1994). The allegations in AFLI's complaint "are to be taken as true unless controverted by the defendants' affidavits; and any conflicts in the affidavits are to be resolved in [its] favor." *Turnock v. Cope,* 816 F.2d 332, 333 (7th Cir.1987). I may exercise jurisdiction over the defendants if such jurisdiction satisfies the due process requirements of the United States and Illinois Constitutions. *Klump v. Duffus,* 71 F.3d 1368, 1371 (7th Cir.1995), *cert. de-*

*nied,* ── U.S. ──, 116 S.Ct. 2523, 135 L.Ed.2d 1047 (1996).

### Jardine

 The transaction underlying the complaint is the submission in Delaware of the application for workers' compensation insurance ("Application"). "When the defendant's activities in the state with respect to the transaction underlying the litigation serve as the basis for jurisdiction, the assertion of jurisdiction is said to be 'specific.'" *Wilson v. Humphreys (Cayman) Limited,* 916 F.2d 1239, 1244 (7th Cir.1990), *cert. denied sub nom Humphreys (Cayman) Limited v. Wilson,* 499 U.S. 947, 111 S.Ct. 1415, 113 L.Ed.2d 468 (1991). Whether I may exercise specific jurisdiction over Jardine depends on whether Jardine "purposefully availed itself of the privilege of conducting activities within [Illinois], thus invoking the benefits and protections of its laws.... It should have reasonably anticipated being haled into court there." *Id.* (citations omitted).

 AFLI is a not-for-profit membership corporation organized in 1991 under the laws of Delaware. AFLI had its principal office in Des Plaines, Illinois until 1994, when it moved the office to Fort Lauderdale, Florida. Jardine, a Michigan corporation, had its principal place of business in Michigan. Jardine does not maintain offices, agents, or brokers in Illinois; has no telephone listing in Illinois; does not advertise in Illinois; and does not own property in Illinois. Balmes Aff. at ¶¶ 14–17.

AFLI alleges that when it had its principal office in Illinois, Jardine advised it with respect to the Application. In the affidavit that it attached to its memorandum, Jardine declares that an AFLI employee, Mark Higley, told it that AFLI had decided to submit the Application. *Id.* at ¶ 7. Also in the affidavit, Jardine admits that it participated in various telephone conversations about worker's compensation insurance. Balmes Aff. at ¶ 5. Jardine, however, asserts that none of these conversations took place in Illinois. *Id.* at ¶¶ 5–6.[1]

---

1. AFLI attached to its response brief the affidavit of William L. Niro. In his affidavit, Mr. Niro states that he participated in more than six telephone calls with Jardine employees about "insurance issues." Niro Aff. at ¶ 2. Moreover, these calls took place at AFLI's offices in Illinois. *Id.*

AFLI alleges that Jardine prepared the Application. Jardine disagrees, stating that "it does not complete applications for insurance, but requires that insureds complete them." Balmes Aff. at ¶ 8. Jardine alleges that "Higley completed the Delaware [Application] and faxed it to [Mr. Balmes] in Michigan." *Id.* at ¶ 9. Mr. Higley also verified the accuracy of and signed the Application. *Id.* at ¶ 12. Jardine further declares that "[a]t no time during the efforts to secure Delaware worker's compensation coverage for [AFLI] or its member teams did [Mr. Balmes] or any representative of Jardine travel to Illinois." *Id.* at ¶ 13.[2]

"The fact that an Illinois corporation is affected by the acts of a nonresident clearly is not sufficient to meet due process requirements." *Heritage House Restaurants, Inc. v. Continental Funding Group, Inc.*, 906 F.2d 276, 284 (7th Cir.1990). AFLI neither alleges in its complaint nor declares in any affidavit that Jardine reached out to AFLI in Illinois by soliciting AFLI's business, initiating telephone calls, or sending mail or telefaxes. *See id.* at 283–84. AFLI, therefore, has not shown that Jardine established contacts with Illinois sufficient to warrant exercising specific jurisdiction over it. Jardine's motion to dismiss is, accordingly, granted.

### Mr. Roemer and R & F

 Mr. Roemer is licensed to practice law in New York and Florida and is domiciled in New York. He was a senior partner at R & F, which was organized as a professional corporation under the laws of New York and maintained its principal office in New York. In fall, 1991, when AFLI had its principal office in Illinois, it retained Mr. Roemer as its general counsel. Mr. Roemer

and R & F argue that AFLI does not establish facts indicating that I have jurisdiction over them on the basis of any connection between themselves on the one hand and Illinois on the other hand in relation to the transaction underlying the complaint, *i.e.*, the submission of the Application in Delaware. I may, however, exercise jurisdiction over Mr. Roemer and R & F based on their overall activities in Illinois. "When the defendant's overall activity in the state, not simply its actions with respect to the underlying transaction, are the basis [for jurisdiction], the jurisdiction is said to be 'general.'" *Wilson*, 916 F.2d at 1244. It is proper to exercise general jurisdiction over a non-resident defendant that maintained "continuous and systematic general business contacts" in Illinois. *Id.* at 1245.

As general counsel to AFLI, Mr. Roemer and R & F

provided numerous general legal services to [AFLI], as well as advice to [AFLI] on numerous issues. Among other things, Roemer, in late 1991, reincorporated [AFLI] as a non-for-profit corporation in Delaware; developed extensive bylaws for the new [AFLI] entity; developed agreements for the merchandising of [AFLI] products; and, drafted a new license agreement which was entered into between Gridiron[3] and the reincorporated [AFLI]. Additionally, between the beginning of 1992 and the fall of 1993, Roemer was appointed to [AFLI's] Ad Hoc Committee on Worker's Compensation and Roemer and R & F spent considerable time dealing with worker's compensation problems being experienced by [AFLI's] member teams.

---

at ¶ 3. Because there is no indication that these discussions concerned the Application, Mr. Niro's assertions do not assist AFLI in its quest for federal jurisdiction over Jardine.

2. Mr. Niro states in his affidavit that a Jardine representative, Larry Hudas, traveled to Illinois more than once during a two-year period to discuss "various insurance related matters involving [AFLI] and worker's compensation insurance issues." Niro Aff. at ¶ 2. Mr. Niro does not, however, suggest that Mr. Hudas was in Illinois to discuss the Application. Furthermore, Mr. Hudas states in his affidavit, attached to

Jardine's reply, that he traveled to Illinois only on October 14, 1993, which was after the Application had already been sent to Delaware. Hudas Aff. at ¶ 4. Mr. Hudas' meeting in Illinois, therefore, "had no relation to AFLI's application in Delaware for worker's compensation insurance." *Id.* Consequently, Mr. Niro's statement cannot assist AFLI in obtaining federal jurisdiction over Jardine.

3. Gridiron Enterprises, Inc. is the entity that granted AFLI the exclusive license to hold its football games.

Kurz Aff. at ¶ 4. During a one-year time period, Mr. Roemer and R & F consistently conferred about AFLI's worker's compensation issues with Mr. Higley, who worked out of AFLI's offices in Illinois. *Id.* at ¶ 5. From 1992 to 1993, Mr. Roemer attempted to convince the National Council of Compensation Insurance ("NCCI"), located in Illinois, to grant AFLI the type of insurance coverage it sought. *Id.* at ¶ 6. Mr. Roemer wrote at least two letters to NCCI in Illinois and many letters and memoranda to AFLI personnel in Illinois, engaged in numerous telephone calls with AFLI personnel in Illinois, and traveled to Illinois at least twice. *Id.* Thus as AFLI's general counsel, Mr. Roemer and R & F had continuous and systematic business in Illinois. Furthermore, the defendants have not presented "a compelling case [ ] that the exercise of Illinois jurisdiction is unreasonably burdensome upon them." *Klump,* 71 F.3d at 1373. Accordingly, I have general jurisdiction over Mr. Roemer and R & F.[4]

▮▮▮▮▮ Mr. Roemer and R & F move pursuant to 28 U.S.C. § 1404(a) to transfer venue to the Northern District of New York. Because I may exercise personal jurisdiction over defendants, venue is proper in this court. *See* 28 U.S.C. § 1391(a)(3). AFLI does not contest that venue and jurisdiction are also proper in the Northern District of New York. Therefore, I must determine whether "the transfer would serve the convenience of the parties, the convenience of the witnesses, and the interest of justice." *Chemical Waste Management, Inc. v. Sims,* 870 F.Supp. 870, 875 (N.D.Ill.1994). As the moving parties, Mr. Roemer and R & F bear the burden of showing that the Northern District of New York "is clearly more convenient" than this district. *Id.* at 876 (citations omitted).

Mr. Roemer and R & F argue that New York would be a more convenient forum for the witnesses. A party seeking to transfer on this basis must list key witnesses to be called and describe their testimony. *Id.* Defendants state that "[o]f the persons likely to be witnesses in this action, none are

known to work or reside in the State of Illinois, and nearly all work or reside in Florida or New York." Roemer Aff. at ¶ 12. They also specify the individuals involved in the events leading to the submission of the application for insurance coverage in Delaware. *Id.* at ¶ 9. Defendants have, however, neglected to provide statements of witnesses' testimony. Thus this factor cannot militate in favor of transfer.

In his affidavit, ¶¶ 10, 12, Mr. Roemer declares that documents relevant to AFLI's application for worker's compensation coverage in Delaware "should be at [AFLI's] office in Florida" and are not in Illinois. Defendants have not demonstrated that they cannot bring the critical documents to this district. *See Chemical Waste Management,* 870 F.Supp. at 876. Accordingly, this factor does not support the motion to transfer.

Defendants finally argue that none of the parties reside in Illinois. Mr. Roemer and R & F are in New York, Jardine's offices were in Michigan, and AFLI is in Florida. Nevertheless, AFLI apparently considers Illinois a more convenient forum. Therefore, a transfer for this reason would improperly "transform[ ] an inconvenience for one party into an inconvenience for the other party." *Id.* at 876 (citation omitted). Moreover, even if I found that this factor weighs in favor of transfer, this factor alone is not sufficient to find in defendants' favor. Mr. Roemer and R & F have not carried their burden of showing that the Northern District of New York clearly is a more convenient forum than the present one. Their motion to transfer is, therefore, denied.

### Conclusion

For the foregoing reasons, Jardine's motion to dismiss is granted; and, Mr. Roemer and R & F's motion to dismiss or, in the alternative, to transfer is denied.

**ENTER ORDER.**

---

4. Personal jurisdiction over Jardine could not be based on general jurisdiction principles. At most, plaintiff has shown that Jardine employees participated in a few phone calls with AFLI personnel in Illinois and made a visit to Illinois. These activities do not constitute continuous and systematic business contacts.