FPC CORPORATION, an Illinois
Corporation, Plaintiff,

v.

UNIPLAST, INC., a Texas Corporation,
Defendant.

No. 96 C 7859.

United States District Court,
N.D. Illinois,
Eastern Division.

May 16, 1997.

Howard R. Barron, Ellen R. Kordik, Mark K. Suri, Jenner & Block, Chicago, IL, for Plaintiff.

John W. Treece, Sidley & Austin, Chicago, IL, Roy W. Hardin, Harris, Tucker & Hardin, P.C., Dallas, TX, for Defendant.

### MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

On November 27, 1996, FPC Corporation ("FPC") filed a declaratory judgment complaint, seeking a declaration that it did not engage in false advertising in violating of federal trademark law, the Lanham Act. 15 U.S.C. § 1125(a). On December 5, 1996, Uniplast, Inc. ("Uniplast") filed suit in the Northern District of Texas charging FPC with the same false advertising. On December 24, 1996, Uniplast moved to dismiss FPC's complaint. FPC's response was due

on January 28, 1997. Instead of a response, on January 28, 1997, FPC filed an amended complaint. The amended complaint, in addition to seeking declaratory judgment (Count III), charged Uniplast with patent false marking in violation of the patent laws (Count I), 35 U.S.C. § 292(a), and false advertising in violation of the Lanham Act (Count II).[1] Before me is Uniplast's motion to dismiss the amended complaint.[2] For the following reasons, the motion is granted, in part, and denied, in part.

■ I have discretion to decline to hear an action for declaratory judgment, Count III.[3] *Tempco Elec. Heater Corp. v. Omega Eng'g, Inc.*, 819 F.2d 746, 747 (7th Cir.1987). The Declaratory Judgment Act, 28 U.S.C. § 2201(a), permits an accused party to file suit to resolve a ripened controversy and adjudicate respective rights. *Tempco Elec. Heater Corp.*, 819 F.2d at 749. In *Tempco Elec. Heater Corp.*, the defendant threatened law suit unless the plaintiff ceased trademark infringement by a certain date. Approximately a month later, the plaintiff filed a declaratory judgment action. Four days later, the defendant filed an infringement action. The district court dismissed the declaratory judgment action and the Seventh Circuit affirmed. *Id.* at 747, 750. The appellate court reasoned that the purpose of the Declaratory Judgment Act was not advanced because the defendant did not engage in the sort of conduct targeted by the Declaratory Judgment Act and because the defendant promptly filed suit to enforce its infringement claim. Moreover, the court refused to countenance the plaintiff's "race to the courthouse," whereby "the declaratory judgment action is filed in anticipation of an infringement action." *Id.* at 749–50.

The undisputed facts of the instant case are as follows. Since May 1995, Uniplast and FPC have been involved in a lawsuit pending in the District of Minnesota, in which Uniplast charges FPC with patent infringement. On November 15, 1996, Uniplast informed FPC that it had concluded, based on a deposition a day earlier, that it had an additional claim under the Lanham Act for false advertising. Uniplast expressed an interest in settlement negotiations. On November 25, 1996, Uniplast forwarded to FPC an amended complaint, adding the false advertising claim to the pending patent infringement action, inquired whether FPC would oppose the amendment, and asked for a response by November 27, 1996. On November 27, 1996, FPC advised Uniplast that it was not interested in settlement negotiations and would oppose the amendment. On the same day, FPC filed its declaratory judgment complaint in this court. Uniplast learned of FPC's actions on December 3, 1996. Two days after, it filed suit in the Northern District of Texas, charging FPC with false advertising.[4]

Like the defendant in *Tempco Elec. Heater Corp.*, Uniplast indicated that it would sue and filed suit within a month. There were no continuous threats of litigation, coupled with delay. *Compare GB Elec., Inc. v. Erico Prods., Inc.*, 777 F.Supp. 737, 740–41 (E.D.Wis.1991). Uniplast expressed an interest in settlement, but on November 27, 1996, FPC informed it that no settlement discussions would take place. Since FPC had received Uniplast's proposed amended complaint including the false advertising claim, FPC was on notice that Uniplast would commence prosecuting its new claim.

---

1. Specifically, the amended complaint alleges that Uniplast falsely labelled the glue stick formulations it produces as covered by a patent before Uniplast applied for and was issue a patent.

2. After FPC filed its amended complaint, Uniplast filed a reply on February 11, 1997. The parties agreed that Uniplast's motion to dismiss and related brief would be treated as addressing the amended complaint. FPC's surreply, with the parties' agreement, will be treated as the plaintiff's response to the motion to dismiss the amended complaint.

3. The Seventh Circuit reviews this exercise of discretion under the de novo standard. *NUCOR Corp. v. Aceros Y Maquilas de Occidente, S.A. de C.V.*, 28 F.3d 572, 577 n. 4 (7th Cir.1994).

4. On December 9, 1996, Uniplast filed a motion to amend its Minnesota complaint to add the false advertising claim. On January 23, 1997, the District of Minnesota denied the motion on the grounds that the amendment would have injected new issues into the litigation.

*See Id.* at 741 (dismissing declaratory judgment action filed when the parties "realized that litigation was imminent, since there appeared to be no hope of settling the matter outside of court").

FPC's "suit for declaratory judgment [was] aimed solely at wresting the choice of forum" from Uniplast and, as such, may be dismissed. *NUCOR Corp.*, 28 F.3d at 577 (quotation omitted). The most telling facts are that the declaratory judgment complaint was filed on November 27, 1996, the day by which Uniplast sought a response as to whether or not FPC would oppose the amendment of the Minnesota complaint, *Budget Rent A Car Corp. v. Miljack, Inc.*, 760 F.Supp. 135, 136 (N.D.Ill.1991) (finding it more than coincidence that declaratory judgment action was filed the day before actual suit was anticipated), and that although FPC informed Uniplast that there would be no settlement of the false advertising claim and that it would oppose the amendment, FPC did riot reveal its intention to file a declaratory judgment complaint on the very same day.

FPC argues that its declaratory judgment complaint was not filed in anticipation of Uniplast's false advertising suit, *see Tempco Elec. Heater Corp.*, 819 F.2d at 749, because it believed that Uniplast would not file suit, but hold the threat of it over FPC to force it to settle the pending patent infringement litigation. Whatever FPC's belief, the reality was that, within a month of discovering that it had another claim against FPC, Uniplast drafted an amended complaint, sought FPC's consent to the amendment pursuant to Fed. R.Civ.P. 15, and having failed to obtain the consent, filed suit in the Northern District of Texas. Even if initially Uniplast was bluffing and using the threat of new litigation to gain concessions in the ongoing one, when FPC called its bluff, Uniplast immediately moved forward with the false advertising claim. These circumstances do not warrant a declaratory judgment action. The suit pending in the Northern District of Texas will accomplish the purpose of Count III, i.e.,

"clarify and settle the disputed legal relationships and afford [FPC the] relief from the uncertainty and controversy that created the issues." *NUCOR Corp.*, 28 F.3d at 578. The declaratory judgment claim would serve no useful purpose. *Tempco Elec. Heater Corp.*, 819 F.2d at 749.

■ Relying on *Roadmaster Corp. v. Nordictrack, Inc.*, Civ. A. No. 93 C 1260, 1993 WL 625537 (N.D.Ill. Sept. 20, 1993), and *K & F Mfg. Co. v. Western Litho Plate & Supply Co.*, 831 F.Supp. 661, 663 (N.D.Ind.1993), FPC argues that the Federal Circuit law, specifically, *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed.Cir.1993) (in deciding whether to hear declaratory judgment action, district court should favor forum of first-filed case), controls my decision whether to dismiss Count III. *Roadmaster Corp.* and *K & F Mfg. Co.* applied *Genentech* and accordingly refused to dismiss a first-filed declaratory judgment action. 1993 WL 625537, at *2–3, 831 F.Supp. at 663–64.

Although the Federal Circuit would have exclusive appellate jurisdiction over the dismissal of the instant amended complaint[5] because of the additional count in the amended complaint charging a violation of federal patent law, Federal Circuit law would not automatically control the disposition of all claims. *U.S. Philips Corp. v. Windmere Corp.*, 861 F.2d 695, 702 (Fed.Cir.1988). When the claim does not implicate patent law, the Federal Circuit "defer[s] to the discernable law of the regional circuit in which the district court sits." *Mars Inc. v. Kabushiki–Kaisha Nippon Conlux*, 24 F.3d 1368, 1371 (Fed.Cir.1994). Specifically, in deciding claims involving Lanham Act violations, the Federal Circuit will look to regional case law. *Braun Inc. v. Dynamics Corp. of America*, 975 F.2d 815, 819 (Fed.Cir.1992). Thus, the Federal Circuit would apply its law to Count I, the patent false marking claim, and the Seventh Circuit's law to Count II and III, the Lanham Act violations. I must do likewise. *See Zip Dee, Inc. v. Dometic*

5. The Federal Circuit would have exclusive appellate jurisdiction over the dismissal of the instant amended complaint because this court's jurisdiction is "based, in whole or in part, on section 1338 of this title," 28 U.S.C. § 1295(a)(1), which provides that "[t]he district court shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, ..., copyrights and trademarks." 28 U.S.C. § 1338(a).

*Corp.,* 931 F.Supp. 602, 610 n. 13 (N.D.Ill. 1996); *Miller Pipeline Corp. v. British Gas plc,* 901 F.Supp. 1416, 1421 n. 3 (S.D.Ind. 1995). Thus, *Roadmaster Corp.* and *K & F Mfg. Co.,* whose declaratory judgment actions involved patent interpretation, are inapposite. 1993 WL 625537, at *2, 831 F.Supp. at 663. Here, a Lanham Act violation underlies FPC's declaratory judgment claim.[6] Count III is therefore dismissed.

■ Uniplast argues that Count I and II should be dismissed because they were improperly added under Fed.R.Civ.P. 15(c). However, Rule 15(a) governs the present situation, permitting FPC to amend its complaint "once as a matter of course at any time before a responsive pleading is served." Fed.R.Civ.P. 15(a). Uniplast's motion to dismiss is not a responsive pleading. *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1111 (7th Cir.1984). Therefore, FPC's complaint was properly amended.

■ Uniplast also argues that I should dismiss Counts I and II because FPC filed its patent false marking and false advertising claims as counterclaims to Uniplast's false advertising claim in the Northern District of Texas. Although I have discretion to defer to another federal proceeding to avoid duplicative litigation, *Trippe Mfg. Co. v. American Power Conversion Corp.,* 46 F.3d 624, 629 (7th Cir.1995), I decline to exercise it here. FPC amended its complaint in this court prior to filing the counterclaims in Texas. FPC contends that it filed the counterclaims only because it anticipated that Uniplast would move to dismiss the amended complaint in this court. There appears to be no factual overlap between Uniplast's claim and FPC's counterclaims; therefore, pursuing them in separate forums will not result in the waste of judicial resources. *See Calvert Fire Ins. Co. v. American Mut. Reins. Co.,* 600 F.2d 1228, 1233–34 (7th Cir.1979) (in deciding whether to defer to another federal court,

court may take into account "desirability of avoiding piecemeal litigation"). Since Uniplast offers no reasons that the Northern District of Illinois is an inconvenient or an inappropriate forum, FPC is entitled to maintain Counts I and II here.[7] *See Serlin v. Arthur Andersen & Co.,* 3 F.3d 221, 223 (7th Cir.1993) (favoring forum of first-filed suit).

### Conclusion

Uniplast's motion to dismiss is granted, in part, and denied, in part. Count III is dismissed, while Counts I and II survive.

---

6. Indeed, *Genentech* itself is inapposite for it sets forth a rule for declaratory judgments involving patents and not trademarks. 998 F.2d at 937.

7. Uniplast also contends that FPC should bring its patent false marking and false advertising claims as counterclaims in the patent infringement action pending in the District of Minnesota.

As a practical matter, this avenue is not available to FPC since the trial in the above action was scheduled to begin on April 1, 1997, and the court has not been advised that the trial did not commence. Further, I disagree with Uniplast's characterization of FPC's counterclaims as compulsory under Fed.R.Civ.P. 13(a).