**FPC CORPORATION, an Illinois corporation, Plaintiff,**

v.

**UNIPLAST, INC., a Texas corporation, Defendant.**

**No. 96 C 7859.**

United States District Court, N.D. Illinois, Eastern Division.

Feb. 12, 1998.

Howard R. Barron, Jenner & Block, Chicago, IL, for plaintiff.

John W. Treece, Sidley & Austin, Chicago, IL, Roy W. Hardin, Locke Purnell Rain & Harrell, Dallas, TX, for defendant.

---

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

Plaintiff, FPC Corporation ("FPC"), initially filed suit in this district against defendant, Uniplast, Inc. ("Uniplast"). FPC now moves to transfer the case to the Northern District of Texas pursuant to 28 U.S.C. § 1404(a). For the reasons set forth below, FPC's motion is denied.

### Background

On November 27, 1996, FPC filed a declaratory judgment action seeking a declaration that it did not engage in false advertising in violation of the Lanham Act, 15 U.S.C. § 1125(a). On December 5, 1996, Uniplast filed a mirror-image suit in the Northern District of Texas charging FPC with false advertising. Uniplast then moved to dismiss FPC's declaratory judgment action. In response, FPC amended its complaint to add two counts alleging patent false marking in violation of the patent laws, 35 U.S.C. § 292(a), and false advertising in violation of the Lanham Act. These same two counts were filed by FPC as counterclaims in the Texas suit. The declaratory judgment count was dismissed as an attempt to wrest the choice of forum from Uniplast, *FPC Corp. v. Uniplast, Inc.,* 964 F.Supp. 1212, 1214 (N.D.Ill.1997), but FPC's two remaining counts are still pending before this court.

### Motion to Change Venue

Under Section 1404(a), a court may transfer a case if the moving party shows that: (1) venue was proper in the transferor district, (2) venue and jurisdiction would be proper in the transferee district, and (3) the transfer will serve the convenience of the parties and the witnesses as well as the interests of justice. *Rohde v. Central R.R. of Indiana,* 951 F.Supp. 746, 747 (N.D.Ill.1997). Neither party has argued that the first two elements have not been satisfied. Hence, I will focus my analysis on which forum best serves the convenience of the parties and the witnesses and is in the interests of justice.

### A. Considerations of Convenience

█ FPC, as the moving party, bears the burden of demonstrating that the "transferee forum is clearly more convenient" than the transferor forum. *Heller Fin., Inc. v.* *Midwhey Powder Co.,* 883 F.2d 1286, 1293 (7th Cir.1989) (citing *Coffey v. Van Dorn Iron Works,* 796 F.2d 217, 219–220 (7th Cir. 1986)). Considerations include the plaintiff's choice of forum, the convenience of the parties and witnesses, the situs of material events, and the location of documents and sources of proof. *H.B. Sherman Mfg. Co. v. Rain Bird Nat'l Sales Corp.,* 979 F.Supp. 627, 629 (N.D.Ill.1997); *Chemical Waste Management, Inc. v. Sims,* 870 F.Supp. 870, 876 (N.D.Ill.1994). Because each case requires an individualized balancing of the factors involved, the decision to transfer is committed to the discretion of the court. *Coffey,* 796 F.2d at 219.

### 1. Plaintiff's Choice of Forum

█ The plaintiff's choice of forum is ordinarily entitled to substantial weight under Section 1404(a), especially if it is the plaintiff's home forum. *Chemical Waste,* 870 F.Supp. at 876. Since the Northern District of Texas is not FPC's initial choice of forum nor its home forum, I do not give its second choice much weight. *See* 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3848 (2d ed. 1986) ("It is one thing to give weight to plaintiff's initial choice of forum, but it seems odd that a plaintiff who has chosen an improper forum should have great weight given to [its] second choice.").

### 2. Convenience of the Parties

█ Uniplast wants to litigate in this district. FPC admits that it is inconvenienced by having to litigate in the Northern District of Texas. Thus, this factor does not compel transfer.

### 3. Convenience of the Witnesses

The court must consider not only the number of witnesses located in each forum but also the nature and importance of their testimony when weighing the convenience of the transfer to potential witnesses. *Rohde,* 951 F.Supp. at 748. FPC has the burden of showing who its witnesses are, the nature of their testimony, and how important that testimony will be to the case. *Id.* FPC does not identify any particular witness that it will call

let alone the nature of the testimony or how important that testimony will be. FPC only identifies Uniplast's potential witnesses: Uniplast's employees in Dallas, Texas. Presumably, Uniplast can assure the testimony of its employees, so that their convenience does not weigh in favor or against transfer. *See Roadmaster Corp. v. Nordictrack, Inc.,* 1993 WL 625537, *5 (N.D.Ill.1993) (finding that the convenience of the parties analysis applies to party employees).

### 4. Situs of Material Events

The counts currently pending in this case are FPC's claims of patent false marking and false advertising. Intellectual property cases generally focus on the "activities of the alleged infringer, its employees, and its documents; therefore, the location of the infringer's place of business is often the critical and controlling consideration." *Habitat Wallpaper & Blinds, Inc. v. K.T. Scott, Ltd.,* 807 F.Supp. 470, 474 (N.D.Ill.1992). Since Uniplast is the alleged infringer and its principal place of business is in the Northern District of Texas, this factor weighs in favor of transfer.

### 5. Access to Sources of Proof

FPC claims that all the documents relating to this case are in the Northern District of Texas. The relevant documents will be the files and records of Uniplast. Uniplast, however, by wanting to proceed in this district is essentially agreeing to bring all critical documents to this district. *See Arena Football League, Inc. v. Roemer,* 947 F.Supp. 337, 341 (N.D.Ill.1996) (denying transfer in part because "[d]efendants have not demonstrated that they cannot bring the critical documents to this district").

### B. The Interests of Justice

The final consideration under Section 1404(a) is whether a change of venue would serve the interests of justice. This factor focuses on the "efficient administration of the court system," rather than the private considerations of the litigants. *Coffey,* 796 F.2d at 221. "These concerns include ensuring a speedy trial, resolving local controversies locally, and trying related litigation in the same forum." *Rohde,* 951 F.Supp. at 748.

FPC argues that transferring this case to the Northern District of Texas is in the interests of justice because it will avoid duplicative litigation. FPC could have avoided the duplication by not filing counterclaims in Texas. It can still avoid duplication by either dismissing this complaint or the counterclaims in Texas. Furthermore, I have already declined to defer this case to the Northern District of Texas. *FPC Corp.,* 964 F.Supp. at 1215. I found that FPC's counterclaims in Texas were not factually related to Uniplast's claim in Texas and thus, absent some claim that the Northern District of Illinois was an inconvenient or inappropriate forum, the case would remain here. *Id.* FPC has not persuaded me that this district is an inconvenient forum warranting transfer.

### Conclusion

FPC's motion to transfer the case to the Northern District of Texas is denied. They have failed to demonstrate that transferring this case would be more convenient to the parties or witnesses, or would be in the interests of justice.