Margaret E. COFFEY,
Plaintiff-Appellant,

v.

VAN DORN IRON WORKS, an Ohio
Corporation, et al.,
Defendants-Appellees.

No. 85–1728.

United States Court of Appeals,
Seventh Circuit.

Argued Dec. 3, 1985.
Decided July 14, 1986.

Thomas N. Mote, Lawson, Pushor, Mote & Coriden, Columbus, Ind., for plaintiff-appellant.

David T. Kasper, Locke, Reynolds, Boyd & Weisell, Indianapolis, Ind., for defendants-appellees.

Before EASTERBROOK, Circuit Judge, ESCHBACH, Senior Circuit Judge, and GRANT, Senior District Judge.*

ESCHBACH, Senior Circuit Judge.

The primary issue presented in this appeal from a judgment for the defendant in this personal-injury diversity suit is whether the district court improperly denied the plaintiff's motion for transfer pursuant to 28 U.S.C. § 1404(a). For the reasons stated below, we will affirm.

I

The plaintiff, Margaret E. Coffey, is a citizen of Indiana. The defendant, Van Dorn Company ("Van Dorn"), is incorporated in Ohio, with its principal place of business in that state. On February 3, 1981, the plaintiff's left hand was crushed while she operated in Indiana a molding press manufactured by the defendant. Several months later, following a series of unsuccessful operations, the plaintiff's left arm had to be amputated at the elbow.

On February 2, 1983, one day before the two-year statute of limitations for personal-injury suits was to expire, the plaintiff brought this action in Indiana state court. Her complaint alleged claims based on negligence, strict liability, and breach of implied warranties. The plaintiff's filing in Indiana state court was ill-advised, however, because Ind.Code § 34–4–20A–5 bars product-liability actions, whether sounding in negligence or strict liability, initiated more than ten years after delivery of the product to the initial user or consumer.[1] *See also Yorger v. Pittsburgh Corning Corp.,* 733 F.2d 1215 (7th Cir.1984); *Monsanto Co. v. Miller,* 455 N.E.2d 392 (Ind. App. 1st Dist.1983). Ohio, which has a two-year statute of limitations for commencing a personal-injury suit once the action accrues, has no such repose statute for product-liability claims. The defendant removed the suit on the basis of diversity of citizenship to the United States District Court for the Southern District of Indiana on February 28, 1983. On April 8, 1983, the defendant moved for summary judgment on the plaintiff's tort claims on the ground that they were barred by Indiana's products-liability repose statute.[2] In an af-

---

* The Honorable Robert A. Grant, Senior District Judge for the Northern District of Indiana, sitting by designation.

1. Ind.Code § 34–4–20A–5, enacted in 1978, provides:

    This section applies to all persons regardless of minority or legal disability.... [A]ny product liability action in which the theory of liability is negligence or strict liability in tort must be commenced within two [2] years after the cause of action accrues or within ten [10] years after the delivery of the product to the initial user or consumer; except that, if the cause of action accrues more than eight [8] years but not more than ten [10] years after that initial delivery, the action may be commenced at any time within two [2] years after the cause of action accrues.

    This section has survived challenges based on Indiana's constitution, *Pitts v. Unarco Industries, Inc.,* 712 F.2d 276 (7th Cir.), *cert. denied,* 464 U.S. 1003, 104 S.Ct. 509, 78 L.Ed.2d 698 (1983); *Dague v. Piper Aircraft Corp.,* 275 Ind. 520, 418 N.E.2d 207 (1981), and the due process and equal protection clauses of the United States Constitution. *Braswell v. Flintkote Mines, Ltd.,* 723 F.2d 527 (7th Cir.1983), *cert. denied,* 467 U.S. 1231, 104 S.Ct. 2690, 81 L.Ed.2d 884 (1984); *Pitts v. Unarco Industries, Inc.,* 712 F.2d at 279.

2. The defendant also moved for summary judgment on the plaintiff's implied warranty claim on the grounds that (1) there was no privity between it and the plaintiff, and (2) the plaintiff's claim was barred by Ind.Code § 26–1–2–725, the statute of limitations applicable for claims based upon a breach of warranty related to a sale. The district court granted the defendant's motion on December 17, 1984. The plaintiff does not appeal from that order.

fidavit attached to its motion, the defendant averred that, on October 22, 1965, it had discontinued the manufacture and sale of the type of press alleged to have injured the plaintiff.

In her response to the defendant's motion, the plaintiff did not dispute the defendant's averments or the applicability of Indiana's repose statute. Rather, the plaintiff moved the district court to transfer the action to an Ohio federal district court pursuant to 28 U.S.C. § 1404(a), arguing that, because her tort claims were not time-barred there, a transfer was in the "interest of justice." The district court denied the transfer motion on June 15, 1984, and granted the defendant summary judgment on the basis of the repose statute. In denying the plaintiff's motion for transfer of venue, the district court, citing *Martin v. Stokes*, 623 F.2d 469 (6th Cir. 1980), concluded that the Ohio federal district court would have been bound to apply Indiana's choice-of-law rules, which in turn, would require application of the Indiana repose statute, making a transfer futile. The district court also found that, because the plaintiff was a resident of Indiana, and that medical records and the treating physicians were in Indiana as well, the transfer would not have been for the convenience of the parties. This appeal followed.

### II

A federal district court, in which a suit is filed with proper venue, may "[f]or the convenience of parties and witnesses, in the interest of justice ... transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A plaintiff, as well as a

defendant, may move for transfer of venue under § 1404(a). *Pruess v. Udall*, 359 F.2d 615 (D.C.Cir.1965); *United States v. Berkowitz*, 328 F.2d 358 (3d Cir.1964); *Philip Carey Manufacturing Co. v. Taylor*, 286 F.2d 782, 784 (6th Cir.), *cert. denied*, 366 U.S. 948, 81 S.Ct. 1903, 6 L.Ed.2d 1242 (1961); *Riley v. Union Pacific Railroad Co.*, 177 F.2d 673 (7th Cir.1949), *cert. denied*, 338 U.S. 911, 70 S.Ct. 350, 94 L.Ed. 561 (1950); 1 J. Moore, *Moore's Federal Practice* ¶ 0.145[4.–3] (2d ed. 1985); 15 C. Wright & A. Miller, *Federal Practice and Procedure* § 3844 (1986).

In passing on a motion for transfer, the district judge must consider the statutory factors in light of all the circumstances of the case.[3] *Christopher v. American News Co.*, 176 F.2d 11 (7th Cir.1949); *see also Van Dusen v. Barrack*, 376 U.S. 612, 622, 84 S.Ct. 805, 812, 11 L.Ed.2d 945 (1964) (§ 1404(a) requires "individualized, case-by-case consideration of convenience and fairness"). The weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude, and, therefore, is committed to the sound discretion of the trial judge. *See, e.g., Brown v. Grimm*, 624 F.2d 58, 59 (7th Cir.1980); *Federal Deposit Insurance Corp. v. Citizen Bank & Trust Co.*, 592 F.2d 364, 368 (7th Cir.), *cert. denied*, 444 U.S. 829, 100 S.Ct. 56, 62 L.Ed.2d 37 (1979); *General Foods Corp. v. Carnation Co.*, 411 F.2d 528, 532–33 (7th Cir.), *cert. denied*, 396 U.S. 940, 90 S.Ct. 375, 24 L.Ed.2d 242 (1969) (abuse-of-discretion standard); 15 C. Wright & A. Miller, *Federal Practice and Procedure* § 3847 (1986); 1 *Moore's Federal Practice* ¶ 0.145[5]. The movant (here, the plaintiff) has the burden of establish-

---

**3.** Although in considering a motion for transfer, the trial judge is limited to the three factors specifically mentioned in § 1404(a), *viz.*, the convenience of the parties, the convenience of the witnesses, and the interest of justice, *Chicago R.I. & P.R. Co. v. Igoe*, 220 F.2d 299, 304 (7th Cir.), *cert. denied*, 350 U.S. 822, 76 S.Ct. 49, 100 L.Ed. 735 (1955); *Dairy Industrial Supply Ass'n v. LaBuy*, 207 F.2d 554, 558 (7th Cir.1953), these factors are best viewed as placeholders for a broader set of considerations, the contours of which turn upon the particular facts of each

case. *See Van Dusen v. Barrack*, 376 U.S. 612, 622, 84 S.Ct. 805, 812, 11 L.Ed.2d 945 (1964); *General Foods Corp. v. Carnation Co.*, 411 F.2d 528, 532–33 (7th Cir.), *cert. denied*, 396 U.S. 940, 90 S.Ct. 375, 24 L.Ed.2d 242 (1969); 15 C. Wright & A. Miller, *Federal Practice and Procedure* § 3847 (1986). Although not relevant to the disposition of the instant appeal, it should be noted that the language of § 1404(a) does not indicate the relative weight to be accorded each factor.

ing, by reference to particular circumstances, that the transferee forum is clearly more convenient. *See, e.g., Commodity Futures Trading Commission v. Savage,* 611 F.2d 270, 279 (9th Cir.1979); *Federal Deposit Insurance Corp.,* 592 F.2d at 368; *Illinois Tool Works, Inc. v. Sweetheart Plastics, Inc.,* 436 F.2d 1180, 1187–88 (7th Cir.1971). Less of a showing of inconvenience is needed for a § 1404(a) transfer than that for a *forum non conveniens* dismissal. *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 253, 102 S.Ct. 252, 264–65, 70 L.Ed.2d 419 (1981); *Norwood v. Kirkpatrick,* 349 U.S. 29, 32, 75 S.Ct. 544, 546, 99 L.Ed. 789 (1955).

■ The plaintiff claims that the district court erred in concluding that the convenience of the parties weighed against transfer. In her briefs to the district court, however, the plaintiff did not argue, nor did she point to particular circumstances that would indicate, that the convenience of the parties weighed in favor of transfer. It was for the first time on appeal that the plaintiff contended that, because all records and witnesses relating to the design, testing, and manufacture of the molding press are in Ohio, an Ohio federal court would have been the most convenient forum. As a general matter, we will not consider an argument raised for the first time on appeal. *See, e.g., City of Chicago v. United States Department of Labor,* 753 F.2d 606, 607 n. 3 (7th Cir.1985); *Trotter v. Klincar,* 748 F.2d 1177, 1184 (7th Cir.1984). Furthermore, the presentation of this argument in plaintiff's initial brief to this court goes little beyond a recitation of facts. We have noted that Fed.R.App.P. 28 requires that the appellant present argument with citation to the relevant authorities. *See, e.g., Sanchez v. Miller,* 792 F.2d 694, 703 (7th Cir.1986) ("It is not the obligation of this court to research and construct the legal arguments open to parties."); *see May v. Evansville-Vanderburgh School Corp.,* 787 F.2d 1105, 1118 (7th Cir.1986); *Libertyville Datsun Sales v. Nissan Motor Corp.,* 776 F.2d 735, 737 (7th Cir.1985). In addition, it was not until her reply brief that the plaintiff argued

that the location of records and witnesses relating to the design, testing, and manufacture of the molding press weighed in favor of transfering venue to the Ohio federal district court. We will not consider an argument made for the first time in the appellant's reply brief. *See, e.g., Davis v. A & J Electronics,* 792 F.2d 74, 76 (7th Cir.1986); *Beerly v. Department of Transportation,* 768 F.2d 942, 949 (7th Cir.1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 1184, 89 L.Ed.2d 301 (1986). In any event, there is no merit to the plaintiff's claim. At best she has indicated that a federal district court in Ohio might be as convenient as its sister Indiana court, but that is insufficient to meet her burden under § 1404(a). *Savage,* 611 F.2d at 279; *Illinois Tool Works, Inc.,* 436 F.2d at 1187–88. In conclusion, we find that the district court did not abuse its discretion in determining that a transfer to Ohio federal district court was not for the convenience of the parties.

■ The plaintiff also claims that the district court abused its discretion in ruling that a transfer was not in the interest of justice. The plaintiff contends that a federal district court in Ohio would, upon transfer, apply Ohio choice-of-law rules, which in turn would point either to Ohio substantive law, which has no repose statute, or to Indiana substantive law, but would classify the repose statute as procedural and not apply it. The plaintiff concludes that, because she would be able to reach the merits in an Ohio, but not an Indiana, federal court, it is in the interest of justice to effect a transfer of the action to the former.

The "interest of justice" is a separate component of a § 1404(a) transfer analysis, *Van Dusen,* 376 U.S. at 625, 84 S.Ct. at 813–14 (1964); *Internatio-Rotterdam, Inc. v. Thomsen,* 218 F.2d 514 (4th Cir.1955), and may be determinative in a particular case, even if the convenience of the parties and witnesses might call for a different result. *See, e.g., Lemke v. St. Margaret Hospital,* 594 F.Supp. 25 (N.D.Ill.1983); *Blanning v. Tisch,* 378 F.Supp. 1058 (E.D.

Pa.1974); *see also* 15 C. Wright & A. Miller, *Federal Practice and Procedure*, § 3854 (1986); *cf. Continental Grain Co. v. The FBL—585*, 364 U.S. 19, 26, 80 S.Ct. 1470, 1474, 4 L.Ed.2d 1540 (1960). Factors traditionally considered in an "interest of justice" analysis relate to the efficient administration of the court system. For example, the interest of justice may be served by a transfer to a district where the litigants are more likely to receive a speedy trial, *see, e.g., Solomon v. Continental American Life Insurance Co.*, 472 F.2d 1043, 1047 (3rd Cir.1973); *A. Olinick & Sons v. Dempster Brothers, Inc.*, 365 F.2d 439, 445 (2d Cir.1966); *Chicago, Rock Island & Pacific Railroad Co. v. Igoe*, 220 F.2d 299, 303 (7th Cir.), *cert. denied*, 350 U.S. 822, 76 S.Ct. 49, 100 L.Ed. 735 (1955). By the same token, related litigation should be transferred to a forum where consolidation is feasible.[4] *See, e.g., Van Dusen*, 376 U.S. at 643–46, 84 S.Ct. at 823–24; *FTC v. MacArthur*, 532 F.2d 1135 (7th Cir.1976). In a diversity action it is also considered advantageous to have federal judges try a case who are familiar with the applicable state law. *See, e.g., Van Dusen*, 376 U.S. at 645, 84 S.Ct. at 824.

■ The "interest of justice" analysis relates, then, to the efficient functioning of the courts, not to the merits of the underlying dispute. It is also not a vehicle for resurrecting a claim lost because the plaintiff erred in her initial choice of forums.[5] Thus, we find unpersuasive plaintiff's suggestion that this analysis bears upon the issue as to which state law should apply following a transfer under § 1404(a).[6] In any event, in *Martin v. Stokes*, 623 F.2d 469 (6th Cir.1980), the Sixth Circuit held that a district court, to which an action has been transferred under § 1404(a), must apply the law of the transferor forum, irrespective of whether the defendant or plaintiff was the movant.[7] A transfer in the instant case would have resulted then in the application of transferor (Indiana) law, and, hence, the district court was correct in concluding that a transfer would have been futile.

The plaintiff seeks to distinguish *Martin* on the ground that it was the defendant in that case, not the plaintiff, who had moved for transfer. That distinction is unavailing, because the rationale of the decision clearly embraces the facts of the instant case. The court in *Martin* stated:

> If, for example, the choice of law is based on which party requested the transfer, then the danger of improper

---

**4.** Two other factors considered under the "interest of justice" rubric are (1) whether jurors in a particular district have a financial interest in a case, *Virginia Electric & Power Co. v. Sun Shipbuilding & Dry Dock Co.*, 389 F.Supp. 568 (E.D.Va.1975), and (2) in which district could a jury best apply community standards. *Chance v. E.I. Du Pont De Nemours & Co., Inc.*, 371 F.Supp. 439 (E.D.N.Y.1974); *see also* 15 C. Wright & A. Miller, *Federal Practice and Procedure*, § 3854 (1986).

**5.** The plaintiff cites *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962), as support for her position. Yet, *Goldlawr* and its progeny stand only for the proposition that, under 28 U.S.C. § 1406(a), the "interest of justice" may require a judge to transfer an action brought in a forum in which venue did not lay rather than dismiss it, if dismissal would cause the claim to be time-barred in a proper forum. That is an altogether different situation from that presented by the instant appeal. It was a question of applicable law, not of delay caused by the court's decision on venue (as in *Goldlawr*), that led the plaintiff to lose her claim.

**6.** In *Van Dusen v. Barrack*, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964), the Supreme Court held that the law of the transferor forum applies following a defendant-initiated transfer under § 1404(a). The Court expressly reserved judgment, however, on the issue whether the law of the transferor forum should apply when the plaintiff moves for transfer. *Id.* at 640, 84 S.Ct. at 821. In *Gonzalez v. Volvo of America Corp.*, 734 F.2d 1221, 1224 (7th Cir.1984), we held that transferor law should apply to a plaintiff-initiated transfer; that decision was vacated, however, and the dispute decided on other grounds. *Gonzalez v. Volvo of America Corp.*, 752 F.2d 295 (7th Cir.1985). Thus, the question of the effect on the applicable law of a plaintiff-initiated transfer under § 1404(a) is still open in this circuit.

**7.** *See also Roofing & Sheet Metal Services, Inc. v. La Quinta Motor Inns*, 689 F.2d 982, 991–93 (11th Cir.1982); *Mayo Clinic v. Kaiser*, 383 F.2d 653 (8th Cir.1967).

forum-shopping would still remain in those situations where the plaintiff had brought his action in a permissible forum but had selected one with less favorable state law. The plaintiff could correct that error simply by moving to transfer the action under § 1404(a).... Section 1404(a) in such a situation would, contrary to *Van Dusen,* represent more than just a change of courtrooms. Moreover, such a result would be inconsistent with the underlying policies of *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

. . . .

Once a plaintiff had exercised his choice of forum by selecting a permissible forum, the state law of that forum should govern the action, regardless of the wisdom of the plaintiff's selection. Thus, no matter who seeks to transfer the action to a more convenient forum under § 1404(a), the state law of the forum in which the action was originally commenced remains controlling. In this manner, the outcome in the transferee district court will be the same as the outcome would have been in the state courts of the state where the action was originally brought.

Accordingly, we conclude that the choice of law is dependent on the nature of the transfer. If an action is transferred under § 1404(a), the state law of the transferor court should be applied.

*Id.* at 472–73.

Thus, even if the district court had granted plaintiff's motion for transfer of venue to a federal district court in Ohio, the transferee court would have been bound by the controlling authority in the Sixth Circuit to apply the law that the federal district court in Indiana would have applied. Furthermore, under Indiana choice-of-law rules, the Indiana products-liability repose statute would apply when Indiana is the forum and Indiana substantive law is applicable. *Travis v. Harris Corp.,* 565 F.2d 443 (7th Cir. 1977); *Eby v. York-Division, Borg-Warner,* 455 N.E.2d 623 (Ind.App. 4th Dist. 1983); *Horvath v. Davidson,* 148 Ind.App. 203, 264 N.E.2d 328 (1970); *see also Dart Industries, Inc. v. Adell Plastics, Inc.,* 517 F.Supp. 9, 10 (S.D.Ind.1980). Because a transfer under § 1404(a), with respect to the outcome of the dispute, should amount to nothing more than a change of courtrooms, the transferee court would apply the Indiana repose statute and dismiss the plaintiff's suit.[8] Insofar as the plaintiff's

---

**8.** Any suggestion that, under Indiana choice-of-law rules, the products-liability repose statute would be considered a procedural rule (a position upon which we express no opinion), and hence a matter that the transferee forum may disregard in favor of its local limitations period (here there is no equivalent provision under Ohio state law) would be unavailing. The Supreme Court made clear in *Van Dusen v. Barrack,* 376 U.S. 612, 638–39, 84 S.Ct. 805, 820–21, 11 L.Ed.2d 945 (1964), that

[w]hat *Erie* and the cases following it have sought was an uniformity between state and federal courts; and the fact that in most instances this could be achieved by directing federal courts to apply the laws of the States "in which they sit" should not obscure the fact that, in applying the same reasoning to § 1404(a), the critical identity to be maintained is between the federal district court which decides the case and the courts of the State in which the action was filed.

. . . .

A change of venue under § 1404(a) generally should be, with respect to state law, but a change of courtrooms.

The Court noted further:

Of course the transferee District Court may apply its own rules governing the dispatch of cases in its court. We are only concerned here with those state laws of the transferor State which would significantly affect the outcome of the case.

*Id.* at 639 n. 40, 84 S.Ct. at 821 n. 40.

In regard to Fed.R.Civ.P. 17(b), which governs a party's capacity to sue or be sued, the Court held that "[w]here a § 1404(a) transfer is thus held not to effect a change of law but essentially only to authorize a change of courtrooms, the reference in Rule 17(b) to the law of the State 'in which the district court is held' should be applied in a corresponding manner so that it will refer to the district court which sits in the State that will generally be the source of applicable laws." *Id.* at 642–43, 84 S.Ct. at 822–23. The Court also cited with approval the case of *Headrick v. Atchison, Topeka & Santa Fe Railroad Co.,* 182 F.2d 305, 308 (3rd Cir.1950), in which the Third Circuit held that the statute of limitations of the transferor state would control following transfer. Thus, in light of *Van Dusen* and *Martin,* the Indiana repose statute would have governed if transfer to an Ohio federal district court had been granted.

"interest of justice" argument asks us to reconsider the Sixth Circuit's decision in *Martin v. Stokes*, it is not ours to reconsider. Even were we to adopt a transferee rule (and we express no opinion thereon), the district court in Ohio would be bound by the authority in the Sixth Circuit, not the Seventh. We hold, therefore, that the district court did not err in denying plaintiff's motion for transfer of venue under § 1404(a).

## III

For the reasons stated above, the judgment of the district court is

AFFIRMED.