Frank P. ROHDE, Plaintiff,

v.

CENTRAL RAILROAD OF INDIANA, a foreign corp., and CP Rail System–HHUS, a Division of Canadian Pacific Limited, Defendants.

No. 95 C 6307.

United States District Court,
N.D. Illinois,
Eastern Division.

Jan. 13, 1997.

John S. Bishof, Jr., Chicago, IL, for Frank P. Rohde.

Michael P. Connelly, Thomas L. Hogan, Thomas F. Tobin, Colleen Konicek, Connelly & Schroeder, Lisa L. Lantero, Patrick G. Gattari, Canadian Pacific Legal Services, Chicago, IL, for CP Rail System–HHUS, a Division of Canadian Pacific Ltd.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

The plaintiff, Frank Rohde, filed suit against the defendants, Central Railroad of Indiana ("CRI") and CP Rail System–HHUS, to recover damages under the Federal Employers' Liability Act ("FELA") for injuries he sustained while employed by the defendants. On July 3, 1996 I dismissed CRI for lack of personal jurisdiction. On Mr. Rohde's subsequent motion, I severed his case and transferred Count I against CRI to the United States District Court for the Southern District of Indiana, Indianapolis Division. Mr. Rohde now moves this Court to transfer the rest of his case, Counts II and III, to the Southern District of Indiana. For the reasons set out below, the motion is denied.

### Background

Soo Line Railroad Company ("Soo Line"), doing business as CP Rail System, operates a train yard in Bensenville, Illinois. At the time of his injury, Mr. Rohde held the position of yardmaster at Soo Line's Bensenville facility. He claims that he reinjured his back at work due to sitting in a defective chair which was provided to him by Soo Line. In Counts II and III of his complaint, Mr. Rohde alleges that Soo Line failed to take steps to replace or correct the defective chair after receiving complaints about it.

The injury which Mr. Rohde suffered while working for Soo Line actually was a recurrence of a prior injury he sustained while working for CRI, the other defendant in this case. While at CRI, Mr. Rohde, who then worked as a conductor-switchman, was injured when the train he was driving was struck by a crossing cattle car. The collision caused Mr. Rohde to be thrown against the control panel in the cab of the train, and he suffered physical injuries to his back as well as other parts of his body. In Count I of his complaint, Mr. Rohde has claimed that CRI negligently failed to maintain the signal lights and provide other safety measures.

Pursuant to 28 U.S.C. § 1404(a), Mr. Rohde has moved to transfer this case to the Southern District of Indiana in the interests of judicial economy and for the convenience of the witnesses. He argues that his whole case should be consolidated in that district because Count I of his complaint was transferred there previously.

### Legal Standard

Under Section 1404(a), a court may transfer a case if the moving party shows that (1) venue was proper in the transferor district, (2) venue and jurisdiction would be proper in the transferee district, and (3) the transfer will serve the convenience of the parties and the witnesses as well as the interests of justice. *College Craft Cos. v. Perry*, 889 F.Supp. 1052, 1054 (N.D.Ill.1995) (citation omitted). Soo Line has not argued that the first two elements have not been satisfied, and under FELA venue is proper both in this district because the cause of action arose here and the transferee district because Soo Line conducts business there. 45 U.S.C. § 56. Hence, I will focus my analysis on which forum best serves the convenience of the parties and the witnesses and is in the interests of justice.

Mr. Rohde, as the moving party, bears the burden of demonstrating that the "transferee forum is clearly more convenient" than the transferor forum. *See Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219–220 (7th Cir.1986). Because each case requires an individualized balancing of the factors involved, the decision to transfer is committed to the discretion of the Court. *Id.* at 219. Accordingly, I will consider each factor separately.

### Convenience of the Parties

Ordinarily, a plaintiff's choice of forum is entitled to deference under Section 1404(a). *College Craft*, 889 F.Supp. at 1054. Because Mr. Rohde is requesting the transfer, however, his initial choice of forum carries no weight, and he obviously is willing to accept any inconvenience that results from the transfer. On the other hand, Soo Line will be inconvenienced by a transfer. Although Soo Line does run trains on track owned by other companies in the Southern District of Indiana, it does not have as extensive an operation there as it does in this

district. Furthermore, Soo Line would be affected adversely by the additional time away from work that many of its Bensenville employees would need to take in order to travel to and testify in the Southern District of Indiana. Given these considerations, Mr. Rohde has failed to show that a transfer is convenient to all the parties.

## Convenience of the Witnesses

When weighing the convenience of the transfer to potential witnesses, the Court considers not only the number of witnesses located in each forum but also the nature and importance of their testimony. *Vandeveld v. Christoph,* 877 F.Supp. 1160, 1168 (N.D.Ill. 1995) (citations omitted). Again, Mr. Rohde bears the burden of establishing who his witnesses are, "what their testimony will be, and how vital that testimony will be to the case." *The Instrumentalist Co. v. Band, Inc.,* No. 86 C 6043, 1986 WL 13520, at *2 (N.D.Ill. Nov. 25, 1986). Moreover, because live testimony is preferred over other alternatives whenever feasible, *Hess v. Gray,* 85 F.R.D. 15, 25 (N.D.Ill.1979), "the availability of compulsory process to insure the attendance at trial of unwilling or hostile witnesses is a factor to consider." *Milligan v. Soo Line R.R.,* No. 91 C 1328, 1992 WL 18799, at *1 (N.D.Ill. Jan. 24, 1992).

Mr. Rohde has listed several witnesses whom he intends to call to testify on his behalf. These witnesses include the physicians who have treated him for his injuries as well as some of his co-workers and other employees at Soo Line. Although he has not specified exactly what their testimony will be or its relative importance to his case, Mr. Rohde has failed to carry his burden for a more basic reason. Not one of the witnesses he has listed resides in the Southern District of Indiana. In fact, most of them reside in this district. Mr. Rohde's efforts to show that the extra burden of travelling to Indianapolis is negligible cannot be taken seriously. Even if the air fare he quotes in his brief remains as inexpensive at the time of trial, the inconvenience and extra time required to travel to and from an airport as well as the flying time itself cannot be compared to the relatively simple matter and short distance of commuting from suburban Chicago, where the vast majority of witnesses are located, to downtown.[1]

Furthermore, if I were to transfer this case, all of these witnesses would be beyond the subpoena power of the court in that district. Mr. Rohde's suggestion that this problem might be overcome through the use of depositions is not well-taken. As stated before, live testimony is preferable and will be available if the case remains in this forum. Consequently, Mr. Rohde has not carried his burden for transfer with respect to the convenience of the witnesses.

## Interests of Justice

The "interests of justice" factor encompasses several concerns regarding the "efficient administration of the court system, rather than the private considerations of the litigants." *Vandeveld,* 877 F.Supp. at 1169 (citation omitted). These concerns include ensuring a speedy trial, resolving local controversies locally, and trying related litigation in the same forum. *Id.; Sims v. Chicago S. Shore and S. Bend R.R.,* No. 91 C 675, 1991 WL 152521, at *2 (N.D.Ill. July 30, 1991).

The relative congestion of the dockets in this district and the Southern District of Indiana does not tip the scales either in favor or against transfer. Although the median time from filing to trial in civil cases is three months less in the Southern District of Indiana than in this district (24 months compared to 27 months), the median time from filing to disposition of civil cases is four months more in the Southern District of Indiana than in this district (9 months compared to 5 months). 1995 Federal Court Mgmt.Stat.Rep. at 108. Thus, this concern does not help Mr. Rohde advance his cause.

In contrast, the local nature of this controversy weighs against transferring the case. Mr. Rohde's injury occurred within this district at the train yard in Bensenville, Illinois.

---

**1.** The Court certainly is cognizant of the traffic congestion present on the roads leading to and from downtown Chicago. Nevertheless, the roads leading to O'Hare airport as well as the skies above the airport sometimes may be equally congested.

The Southern District of Indiana has no interest in the resolution of this case, and, as such, jurors in that district should not be burdened with hearing and resolving a dispute which happened far from their homes. *See Sims,* 1991 WL 152521, at *2.

The existence of a related piece of litigation in the Southern District of Indiana, however, does help Mr. Rohde in his quest for a transfer. In order to conserve judicial resources, cases generally are transferred to districts where related actions are pending. *Waites v. First Energy Leasing Corp.,* 605 F.Supp. 219, 223 (N.D.Ill.1985). Yet "the mere pendency of a related case in the transferee district does not require transfer; to the contrary, such a factor is, of itself, entitled to little weight." *Instrumentalist Co.,* 1986 WL 13520, at *4 (citations omitted).

In this case, the pendency of a related case in the Southern District of Indiana does not have much significance to Mr. Rohde's case in this Court. That action does not involve Soo Line. Instead, the defendant is another railroad for which Mr. Rohde worked at one time. In addition, the Indiana action does not arise out of the same events nor does it involve the same or similar defective product identified in this action. In fact, the only connection between the two cases is Mr. Rohde's allegation that the injury in the Indiana case was aggravated by Soo Line's negligent conduct in this case. That link is not strong enough to justify transferring this case to the Southern District of Indiana when all of the other factors indicate that the case should remain here. *See id.* at *4-5.

*Conclusion*

Mr. Rohde has failed to demonstrate that transferring this case would be more convenient to the parties or witnesses or would be in the interests of justice. Therefore, his motion to transfer is denied.