**WOODWARD PARK IMAGING, INC., Plaintiff,**

v.

**Matthew IWAMOTO, Defendant.**

No. 96 C 8232.

United States District Court,
N.D. Illinois,
Eastern Division.

March 12, 1997.

Kevin William Horan, Robert L. Pattullo, Jr., Joseph Joseph Rock, Rock, Fusco, Reynolds, Crowe & Garvey, Ltd., Chicago, IL, Bruce M. Cohen, Scott Richard Lord, Cohen & Lord, P.C., Marina del Rey, CA, Richard J. Prendergast, Richard J. Prendergast, Ltd., Chicago, IL, for Plaintiff.

Steven Drew Schneiderman, Dannen, Crane, Heyman & Simon, Chicago, IL, Charles T. Taylor, Thomas E. Gauthier, Lang, Richert & Patch, Fresno, CA, for Defendant.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court is defendant Matthew Iwamoto's motion to transfer venue pursuant to 28 U.S.C. § 1404(a). For the reasons that follow, the court grants the motion to transfer venue, but does so under 28 U.S.C. § 1406 rather than 28 U.S.C. § 1404(a).[1]

## I. BACKGROUND

Plaintiff Woodward Park Imaging, Inc. ("Woodward Park"), is an Illinois corporation with its principal place of business in DuPage County, Illinois. Defendant Matthew Iwamoto ("Iwamoto") is a California citizen. Prior to 1995, Iwamoto was president and owner of Central California Radiology Medical Services ("CCRMS"), a California corporation, which held an ownership interest in a radiology center in Fresno, California, known as Woodward Park Imaging Center ("WPIC"). WPIC was a joint venture between CCRMS and Alliance Imaging Centers, also a California corporation.

In early 1995, Dennis Broderick, an Illinois citizen, contacted Iwamoto about purchasing WPIC from the joint venture and operating three radiology centers in California: WPIC in Fresno, another center in Visalia, and a third in Selma. During 1995, Broderick and his employees traveled to California several times to discuss the proposal with Iwamoto and to close the deal to purchase the assets of WPIC through Woodward Park, a new corporation set up by Broderick. Negotiations for Woodward Park's purchase of WPIC took place in California. Broderick and Iwamoto allegedly reached an agreement by which Woodward Park would purchase the assets of WPIC, assume the leases of WPIC, and provide all support services, while Iwamoto would provide radiology services and bill customers in his name.

In October 1995, Woodward Park, with Broderick as its sole owner, purchased the assets of WPIC from the joint venture. Broderick sent a draft agreement formalizing the foregoing business arrangement between Woodward Park and Iwamoto to Iwamoto. Iwamoto drafted a counter-proposal, which Broderick allegedly told Iwamoto that he would sign. However, Broderick died in February 1996 before signing the agreement.

After Broderick's death, the relationship between Woodward Park and Iwamoto apparently went sour. Woodward Park filed a lawsuit in the Circuit Court of DuPage County for an accounting, conversion, misappropriation of funds, and breach of fiduciary duty. Iwamoto timely removed the case to this court based on the diversity of citizenship of the parties, see 28 U.S.C. § 1332, and now moves to transfer the case to the United States District Court for the Eastern District of California, Fresno Division, pursuant to 28 U.S.C. § 1404(a).

## II. DISCUSSION

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The party seeking to transfer under Section 1404(a) bears the bur-

1. Iwamoto also filed motions to dismiss for lack of personal jurisdiction, to dismiss for failure to state a claim, to compel arbitration, and to stay. Because the court's decision to transfer this case to a different venue disposes of the case, at least in this court, the court will not address Iwamoto's remaining motions.

den of establishing that (1) venue is proper in the transferor district; (2) venue is proper in the transferee district; and (3) the transfer is for the convenience of the parties and the witnesses and is in the interests of justice. *Id.; Coffey v. Van Dorn Iron Works,* 796 F.2d 217, 219–20 (7th Cir.1986).

In a civil action based on diversity jurisdiction, venue exists only in a judicial district where (a) any defendant resides, if all defendants reside in the same state; (b) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (c) any defendant is subject to personal jurisdiction at the time the action is commenced, if venue is proper in no other district. 28 U.S.C. § 1391(a).

█ In this case, Iwamoto is the only defendant and resides in eastern California. Thus, venue exists in the United States District Court for the Eastern District of California, Fresno Division, under section 1391(a), and section 1391(c) becomes null. Consequently, for venue to exist in this district, it must exist under subsection (b). The essential question under subsection (b) is whether Woodward Park's claim arose in this judicial district. The court finds it did not.

Woodward Park's complaint and Iwamoto's affidavit make clear that virtually all of the events leading up to Woodward Park's lawsuit occurred in California. That is where WPIC, the predecessor to Woodward Park whose assets Woodward Park purchased, was located; where Iwamoto lives and works; where Iwamoto and Broderick conducted the bulk of the negotiations regarding the purchase of WPIC by Woodward Park and the business arrangement between Iwamoto and Woodward Park; where Iwamoto worked at the Woodward Park facility; and where Iwamoto allegedly conducted the wrongdoing alleged in Woodward Park's complaint.

Woodward Park's complaint is devoid of any allegations that indicate that its claim arose, in substantial part, in Illinois. Iwamoto's affidavit, in contrast, sets forth the events preceding Woodward Park's lawsuit, and establishes that most of the events took place in eastern California. Therefore, venue is not proper in this district, but lies in the judicial district encompassing eastern California and specifically, Fresno.

█ Pursuant to 28 U.S.C. § 1406, the district court in which a case is filed but venue does not lie may either dismiss the case or, if it is in the interests of justice, transfer it to any district where it could have been brought. The court finds that this case belongs in the United States District Court for the Eastern District of California, Fresno Division. Woodward Park's claim arose in that district; thus, it is likely that a substantial amount of the evidence in this case may be found in that district. Significantly, eastern California resident Iwamoto likely will be the source of the most crucial evidence in this case, since he may be the only person who can testify about his unconsummated agreement with Broderick.

█ Moreover, under Illinois choice of law rules, Woodward Park's claims should be decided under California law, since California bears the most significant relationship to the occurrences that form the basis of Woodward Park's claims. *See Miller v. Long–Airdox Co.,* 914 F.2d 976, 978 (7th Cir.1990) (applying Illinois choice of law rules, which dictate that Illinois uses the "most significant relationship test" to determine choice of law in tort cases). The federal court in the Eastern District of California undoubtedly would be more familiar with California law than would this court.

In sum, the court finds that transferring this case to the district court in eastern California would serve the interests of justice. Since a transfer to the federal court in eastern California is the relief Iwamoto ultimately sought, the court grants his motion to transfer, with the caveat that this transfer is pursuant to 28 U.S.C. § 1406, to cure improper venue, and not pursuant to 28 U.S.C. § 1404(a), on which Iwamoto based his motion.

Accordingly, the court transfers this case to the United States District Court for the Eastern District of California, Fresno Division, pursuant to 28 U.S.C. § 1406.

### III. CONCLUSION

For the foregoing reasons, the court grants defendant Matthew Iwamoto's motion to transfer venue, and transfers this cause of action to the United States District Court for the Eastern District of California, Fresno Division, pursuant to 28 U.S.C. § 1406.