Barry PAVA, Plaintiff,

v.

DROM INTERNATIONAL, INC., a Delaware Corporation, and Drom Fragrances International a/k/a Dr. O. Martens Nachf, KG, a foreign corporation, Defendants.

No. 97 C 7906.

United States District Court, N.D. Illinois, Eastern Division.

June 4, 1998.

Sheri H. Mecklenburg, Bensenville, IL, for Plaintiff.

Jed L. Marcus, Daniel A. Tabs, Grotta, Glassman & Hoffman, Roseland, NJ, Brian Wegg Bulger, Brian J. Williams, Bates, Meckler, Bulger & Tilson, Chicago, IL, for Defendants.

## *MEMORANDUM OPINION AND ORDER*

BUCKLO, District Judge.

The plaintiff, Barry Pava, sued the defendants, Drom International, Inc. ("Drom International") and Drom Fragrances International ("DFI"), alleging breach of contract, promissory estoppel, and fraud. Drom International and DFI move to transfer the case to the District of New Jersey pursuant to 28 U.S.C. § 1404(a). For the following reasons, the motion is denied.

### *Background*

On July 21, 1997, Barry Pava filed suit against Drom International and DFI in the Circuit Court of DuPage County, Illinois. Mr. Pava is a resident of Illinois and lives in DuPage County, Illinois. DFI is a German corporation in the business of manufacturing, marketing, and selling fragrance oils and bases. Drom International is a Delaware corporation with its principal place of business in New Jersey and is a wholly-owned subsidiary of DFI. The defendants removed the case to the Northern District of Illinois based on diversity jurisdiction.

Mr. Pava is a chemist by training and was, in 1995, working in Illinois as a chemical salesman for Florasynth Company. (Pava Aff. ¶¶ 2–3). In February, 1995, Mr. Pava was contacted by John Dennis, Vice President of Sales for Drom International, about becoming a salesman for Drom International in the Midwest. (Pava Aff. ¶ 3). Mr. Dennis traveled to Illinois to meet Mr. Pava and discuss employment opportunities with Drom International. In April, 1995, Mr. Pava traveled to New Jersey to tour Drom International's facilities and meet with its President, Michael Kettenring. (Pava Aff. ¶ 3). While Drom International suggests Mr. Pava negotiated a contract during his New Jersey visit (Gambardella Aff. ¶ 5), Mr. Pava declares he only spent a few hours touring the facility and did not negotiate a contract. (Pava Aff. ¶ 3). Mr. Pava states Mr. Dennis returned to Illinois in May, 1995, to negotiate an employment contract. (Pava Aff. ¶ 3). Mr. Pava declares he negotiated the final terms of his employment contract with Mr. Kettenring in Illinois in June, 1995. (Pava Aff. ¶ 4).[1]

In August, 1995, Mr. Pava joined Drom International as Vice–President, Midwest Sales, and Worldwide Coordinator for Proctor & Gamble. While employed for Drom International, Mr. Pava worked out of his Illinois office, which Drom International alleges was also his home. (Pava Aff. ¶ 6; Gambardella Aff. ¶ 9). In at least one publication Drom International listed Mr. Pava's Illinois office as a Drom International corporate office. (Pava Aff. ¶ 6; Ex. A–3). Mr. Pava states he spent sixty percent of his time with clients in Illinois and the remainder with clients in the Midwest. (Pava Aff. ¶ 7). He traveled to New Jersey for general sales meetings and to other locations, both domestic and international, for various meetings. *Id.*

Mr. Pava alleges that on October 24, 1996, he received a telephone call from DFI's President informing him his employment with Drom International was terminated. (Pava Aff. ¶ 8). This suit followed.

*Motion to Change Venue*

Under Section 1404(a), a court may transfer a case if the moving party shows that: (1) venue was proper in the transferor district, (2) venue and jurisdiction would be proper in the transferee district, and (3) the transfer will serve the convenience of the parties and the witnesses as well as the interests of justice. *Rohde v. Central R.R. of Indiana,* 951 F.Supp. 746, 747 (N.D.Ill.1997). Mr. Pava challenges the defendants' ability to meet the second and third prongs of the transfer requirements. For purposes of this motion, I will assume the defendants can meet the second prong and will focus on the third prong.

**A. Considerations of Convenience**

DFI and Drom International, as the moving parties, bear the burden of demonstrating that the "transferee forum is clearly more convenient" than the transferor forum. *Heller Fin., Inc. v. Midwhey Powder Co.,* 883 F.2d 1286, 1293 (7th Cir.1989) (citing *Coffey v. Van Dorn Iron Works,* 796 F.2d 217, 219–220 (7th Cir.1986)). Considerations include the plaintiff's choice of forum, the convenience of the parties and witnesses, and the location of documents and sources of proof. *Chemical Waste Management, Inc. v. Sims,* 870 F.Supp. 870, 876 (N.D.Ill.1994). Transfer is inappropriate if it will simply shift the inconvenience of one party to the other. *Id.* Because each case requires an individualized balancing of the factors involved, the decision to transfer is committed to the discretion of the Court. *Coffey,* 796 F.2d at 219.

*1. Plaintiff's Choice of Forum*

The plaintiff's choice of forum is entitled to substantial weight under Section 1404(a), especially if it is also the plaintiff's home forum. *Gallery House, Inc. v. Yi,* 587 F.Supp. 1036, 1040 (N.D.Ill.1984) (citing *Piper Aircraft v. Reyno,* 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981)). Indeed, the balance must weigh strongly in the defendant's favor before a plaintiff's choice of fo-

---

**1.** Drom International suggests there was never a valid employment contract and Mr. Pava was an at-will employee. Drom International argues the contract Mr. Pava attached to his complaint is a forgery.

rum will be disturbed. *Chemical Waste,* 870 F.Supp. at 876 (citations omitted). Thus, the fact that Mr. Pava brought this action in Illinois, his home forum, weighs heavily against transfer.

### 2. Convenience of the Parties

Mr. Pava resides in DuPage County, Illinois. Drom International's principal place of business is New Jersey. Drom International, however, represented it had an Illinois office while Mr. Pava was working in Illinois. (Pl.Ex. A–3). Additionally, Mr. Pava, an individual, resides and works in Illinois while the corporate defendants conduct business nationwide. Mr. Pava will suffer a greater financial hardship if forced to litigate in New Jersey than the defendants will by staying in the Northern District of Illinois. *See John Buck Co. v. Atlantic Richfield Co.,* 631 F.Supp. 1527, 1529 (N.D.Ill.1986) (finding the unequal financial strength of the parties mitigated against transfer). Given these circumstances, the Northern District of Illinois is a more convenient forum than the District of New Jersey. *See Sage Products, Inc. v. Devon Indus., Inc.,* 148 F.R.D. 213, 216 (N.D.Ill.1993) (finding transfer of a case unlikely if transfer merely transforms an inconvenience for one party into an inconvenience for another party).

### 3. Convenience of the Witnesses

The defendants argue that most of the witnesses to this action reside in New Jersey. The defendants list seven witnesses who either work or reside in New Jersey and will testify regarding Mr. Pava's unsatisfactory work performance and the lack of a written employment contract. The three most relevant witnesses in this case, however, do not reside in New Jersey. Mr. Pava resides in Illinois. Mr. Dennis, who negotiated the contract with Mr. Pava and was Mr. Pava's immediate supervisor, lives in either Connecticut or California. (Pava Aff. ¶ 9).[2] Likewise, Mr. Kettenring, a negotiator and supervisor, lives in Florida. Mr. Pava also suggests he will call various Illinois clients to testify regarding his job performance. Since Mr. Pava has not named any specific witnesses, his claims regarding these clients are unsubstantiated. Although the defendants have presented a list of witnesses that favors the District of New Jersey, the nature and importance of the witnesses' probable testimony indicates that the convenience of the witnesses only slightly tilts in favor of transfer.

### 4. Access to Sources of Proof

Access to documents and proof is evenly split in this case. The defendants allege all of their corporate documents are in New Jersey. (Gambardella Aff. ¶ 12). Mr. Pava argues all of his documents are kept in Illinois. (Pava Aff. ¶ 10). Based on this even distribution and the ease of photocopying materials, this factor is not persuasive for either forum. *Chemical Waste,* 870 F.Supp. at 876.

### B. The Interests of Justice

The final consideration under Section 1404(a) is whether a change of venue would serve the interests of justice. This factor focuses on the "efficient administration of the court system," rather than the private considerations of the litigants. *Coffey,* 796 F.2d at 221. "These concerns include ensuring a speedy trial, resolving local controversies locally, and trying related litigation in the same forum." *Rohde,* 951 F.Supp. at 748.

In this case, Illinois is an interested forum state. Mr. Pava's complaint indicates he is an injured Illinois citizen. Additionally, his suit is based solely on Illinois common law claims. The defendants argue the employment contract is a forgery and that this case will ultimately be governed by New Jersey law. The employment contract states the controversy is to be governed by Illinois law. (Df. Ex. 3 at 3). Even if the contract does not control, the evidence at this stage indicates the majority of the contract negotiations and significant contacts occurred in Illinois. (Pava Aff. ¶¶ 3–4). The only evidence the defendants provide that negotiations occurred in New Jersey is the affidavit of Patricia Gambardella, an employee of Drom International who was not directly involved in the negotiations. (Gambardella Aff. ¶ 5). These considerations militate against trans-

---

2. The parties dispute Mr. Dennis' current residence, but agree it is not New Jersey.

fer. *Ronco, Inc. v. Plastics, Inc.,* 539 F.Supp. 391, 402 (N.D.Ill.1982).

*Conclusion*

Drom International and DFI have the burden of proving that the considerations embodied in Section 1404(a) weigh heavily in favor of transfer. Upon weighing the considerations of convenience and the interests of justice, I find the defendants have failed to meet their burden. Accordingly, this case will not be transferred to the District of New Jersey.