UNITED AIR LINES, INC., Plaintiff,

v.

MESA AIRLINES, INC. and Westair Commuter Airlines, Inc., Defendants.

No. 97 C 4455.

United States District Court, N.D. Illinois, Eastern Division.

June 5, 1998.

---

Priscilla Peterson Weaver, Theresa A. Canaday, Kenneth J. Merlino, Mayer, Brown & Platt, Chicago, IL, for plaintiff.

Lee Ann Russo, Jeffrey G. Close, Thomas David Brooks, Jones, Day, Reavis & Pogue, Chicago, IL, for defendants.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

On June 23, 1997, the plaintiff, United Airlines, Inc. ("United"), filed suit against the defendants, Mesa Airlines, Inc. ("Mesa") and WestAir Commuter Airlines, Inc. ("WestAir"). Mesa and WestAir move to transfer the case to the Central District of California pursuant to 28 U.S.C. § 1404(a). For the reasons set forth below, the motion is denied.

### Background

United entered into written agreements with Mesa and WestAir on February 15, 1990 and May 28, 1992 respectively for the provision of scheduled air transportation services in certain areas of the United States under the service mark "United Express" (hereinafter the "Mesa Agreement" and the "WestAir Agreement" or the "Agreements"). Both Agreements have been amended by subsequent letter agreements. These Agreements are at the center of the dispute between United and Mesa and WestAir.

In Count I, United alleges that the WestAir Agreement granted it the right to "increase, decrease, or in any way adjust the flight frequencies, or markets, or both" for which WestAir would provide United Express service. (Am.Compl.¶ 11). WestAir denies that United is authorized to terminate its service to certain city pairs in California. United seeks a declaratory judgment of the parties' contractual rights. In Count II, United alleges that Mesa breached the Mesa Agreement by failing to provide the contractually-required level of service in certain cities, including Alamosa and Pueblo, Colorado; Amarillo, Lubbock, and Midland, Texas; Farmington, New Mexico; Cody, Gillette, Laramie, and Sheridan, Wyoming; and Rapid City, South Dakota. It terminated the contract with Mesa and seeks damages for breach in excess of $75,000.

WestAir counterclaims alleging that United wrongfully terminated WestAir's service to certain cities in violation of the WestAir Agreement, breached its obligation to negotiate and act in good faith, and breached its fiduciary duties. Mesa also counterclaims alleging breach of good faith obligations, wrongful termination, improper termination,

# 798

breach of contract, fraud, and breach of fiduciary duties. Additionally, both defendants filed suit in the Central District of California on March 6, 1998 against United and SkyWest Airlines, Inc. ("SkyWest") (the "California Action"). Mesa's and WestAir's claims against United in the California Action are identical to their counterclaims against United in this action. Their claims against SkyWest are for intentional interference with their contracts with United.

### Motion to Change Venue

Under § 1404(a), a court may transfer a case if the moving party shows that: (1) venue was proper in the transferor district, (2) venue and jurisdiction would be proper in the transferee district, and (3) the transfer will serve the convenience of the parties and the witnesses as well as the interests of justice. *Rohde v. Central R.R. of Ind.*, 951 F.Supp. 746, 747 (N.D.Ill.1997). Neither party has argued that the first two elements have not been satisfied. Hence, I will focus my analysis on which forum best serves the convenience of the parties and the witnesses and is in the interests of justice.

### A. Considerations of Convenience

Mesa and WestAir, as the moving parties, bear the burden of demonstrating that the "transferee forum is clearly more convenient" than the transferor forum. *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir.1989) (citing *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219–220 (7th Cir.1986)). Considerations include the plaintiff's choice of forum, the convenience of the witnesses and parties, the situs of material events, and the location of documents and sources of proof. *H.B. Sherman Mfg. Co. v. Rain Bird Nat'l Sales Corp.*, 979 F.Supp. 627, 629 (N.D.Ill.1997); *Chemical Waste Management, Inc. v. Sims*, 870 F.Supp. 870, 876 (N.D.Ill.1994). Because each case requires an individualized balancing of the factors involved, the decision to transfer is committed to the discretion of the court. *Coffey*, 796 F.2d at 219.

### 1. Plaintiff's Choice of Forum

The plaintiff's choice of forum is entitled to substantial weight under § 1404(a), especially if it is the plaintiff's home forum. *Chemical Waste*, 870 F.Supp. at 876. Indeed, the balance must weigh strongly in the defendant's favor before a plaintiff's choice of forum will be disturbed. *Id.* Thus, the fact that United has brought this action in the Northern District of Illinois, its principal place of business and its base of operations, weighs heavily against transfer.

Mesa and WestAir nevertheless contend that United's choice of forum should not be given deference since this forum lacks significant contact with this case.[1] United, however, is based in this district and has its principal place of business in this district. The Mesa and WestAir Agreements were negotiated in this district and are subject to Illinois law.[2] United seeks to adjudicate its rights under the Agreements. Every counterclaim that Mesa and WestAir assert is either a breach of the Agreements, a breach of duties arising from the Agreements, or fraud in the inducement to sign the Agreements. The resolution of this dispute thus requires an investigation into the formation of the Agreements, an interpretation of those Agreements, and a determination as to breach, all under Illinois law. Additionally, other states have an interest in this case including California, Colorado, New Mexico, Texas, South Dakota, and Wyoming where there are disputes over the services provided pursuant to the Agreements. Based on these facts, I cannot say that this district lacks significant contact with this case. It has as much contact with this case as districts in California, Colorado, New Mexico, Texas, South Dakota, and Wyoming. Accordingly, United's choice of forum is entitled to substantial weight and

---

1. Mesa and WestAir raise this argument under the interests of justice analysis as well. They argue that this district has little connection to the parties' dispute when compared to the Central District of California, and thus, it is preferable to transfer the case to have local disputes resolved locally. Because I reject this argument here, finding that Illinois has as much connection with this suit as California, I do not address it again in the interests of justice analysis.

2. The parties dispute how much of the actual negotiations were done face-to-face in Illinois versus over the phone.

will not be disturbed unless the other factors dictate transfer.

### 2. Convenience of the Witnesses

■ The court must consider not only the number of witnesses located in each forum but also the nature and importance of their testimony when weighing the convenience of the transfer to potential witnesses. *Rohde*, 951 F.Supp. at 748. Mesa and WestAir have the burden of showing who their witnesses are, the nature of their testimony, and how important that testimony will be to the case. *Id.*

Many of Mesa's and WestAir's expected witnesses are employees of the two companies or their parent corporation, Mesa Air Group, Inc.[3] The other witnesses are United employees,[4] SkyWest employees,[5] and some third parties, including Rakesh Gangwal, a resident of Virginia, Donald Schreiber, a resident of New Mexico, certain state and local government officials in Colorado, State Senator Hank Coe of Wyoming, unnamed customers of United and Mesa in states other than California, and unnamed managers of California airports.

Presumably, Mesa, WestAir, and United, as parties to this action, can assure the testimony of their employees, so that the employees' convenience does not weigh in favor or against transfer. *See Roadmaster Corp. v. Nordictrack, Inc.*, 1993 WL 625537, *5 (N.D.Ill.1993) (finding that the convenience of the parties analysis applies to party employees). As for the third party witnesses, none of them reside in either Illinois or California except for some unnamed managers of California airports.[6] Neither this district nor the Central District of California is especially convenient to these third party witnesses and the California airport managers do not appear to be particularly crucial to this case. This factor therefore does not demonstrate that the Central District of California is clearly a more convenient forum.

### 3. Convenience of the Parties

This factor considers the residence of the parties and their ability to bear the expense of trial in a particular forum. *H.B. Sherman*, 979 F.Supp. at 631. WestAir, Mesa, and United have their principal places of business in California, New Mexico, and Illinois, respectively. The defendants contend that transfer to the Central District of California will be more convenient for them and not inconvenient for United since it operates throughout the world. The fact that United operates in California as well as Illinois does not make it just as convenient for United to pursue this suit there. As noted above, most of United's witnesses are based in Illinois and not California. To have to travel to California will create extra costs for United. On the other hand, I am not sure how transferring the case to California is that much more convenient for either Mesa or WestAir. Although WestAir's principal place of business is in California, only one of the defendants' key witnesses lives in California. The defendants will have to bear the expenses for travel and lodging of their witnesses, be it to Los Angeles or Chicago. Hence, the convenience of the parties does not dictate transfer.

### 4. Situs of Material Events/Documents

The Mesa and WestAir Agreements were negotiated in Illinois. The execution of those

---

**3.** WestAir expects to call Rolan Bergeson, a resident of Fresno, California, as well as Larry Risley and Gene Hanson, who are residents of New Mexico. Mesa expects to call some unnamed employees in states other than California as well as Larry Risley, Ben Harrison, Gary Risley, Michael Lewis, Steve Jackson, and Jack Braly. All of the named witnesses other than Mr. Braly, who resides in Texas, reside in New Mexico.

**4.** Of the six listed United employees, only two, John Philip and Richard McKenna, do not reside in the Chicago area. They reside in Colorado. The other United employees are unnamed and do not reside in California.

**5.** The defendants identify Jerry C. Atkin and Bradford C. Rich who both reside in Utah.

**6.** These managers will apparently testify to the actions United and SkyWest took in California to further SkyWest's alleged scheme to interfere with the defendants' contracts with United. It is unclear what these managers know, except that SkyWest's former airport gates are now United gates, which testimony can be obtained directly from United or SkyWest documents and witnesses.

Agreements occurred in several states including California. The conduct that allegedly constituted breach of the Agreements occurred in Illinois where the decisions were made and in other states where the decisions were implemented. Thus, there is no one situs of all material events or documents. This factor neither weighs in favor or against transfer.

## B. The Interests of Justice

The final consideration under § 1404(a) is whether a change of venue would serve the interests of justice. This factor focuses on the "efficient administration of the court system," rather than the private considerations of the litigants. *Coffey,* 796 F.2d at 221. The court examines "such concerns as ensuring speedy trials, trying related litigation together, and having a judge who is familiar with the applicable law try the case." *Heller,* 883 F.2d at 1293.

Mesa and WestAir argue that transferring this case to the Central District of California is in the interests of justice because this action and the California Action are related. To consolidate and try both cases together will avoid duplicative litigation. Mesa and WestAir could have avoided the duplication, however, by not filing suit in California. They can still avoid duplication by dismissing the later filed California Action and impleading SkyWest, transferring the California Action to this district where it can be consolidated with this action, or dismissing United from the California Action and proceeding only against SkyWest.

The defendants contend that transfer is the only way to avoid duplication because this court does not have personal jurisdiction over SkyWest. Although I am not entirely convinced that SkyWest is an indispensable party to this case, assuming that it is and that this court does not have personal jurisdiction over it, there would be a compelling

interest in transferring this action to the Central District of California. *See College Craft Cos. v. Perry,* 889 F.Supp. 1052, 1056 (N.D.Ill.1995) (transferring case to avoid potential duplicative litigation where there was no personal jurisdiction over one of the defendants). At this stage, however, it does not appear that this court lacks personal jurisdiction over Skywest. The defendants allege that SkyWest tortiously interfered with their contracts with United by inducing United to breach those contracts and to contract with SkyWest instead. The tortious interference arises out of SkyWest's contacts with Illinois: the contract between SkyWest and United was negotiated in Illinois and is governed by Illinois law.[7] Furthermore, SkyWest has consented to personal jurisdiction in this district if the California Action is dismissed or transferred.

Another factor which weighs against transfer is the applicable law in this case. United seeks a declaration of its rights under the WestAir Agreement and alleges breach of the Mesa Agreement. Mesa and WestAir counterclaim alleging breaches of those Agreements and of fiduciary duties and obligations arising from those Agreements. The Mesa and WestAir Agreements are governed by Illinois law. This district is better suited to resolve issues arising from the Agreements because it is more familiar with Illinois law then the Central District of California.

Finally, although I have transferred cases to the Central District of California, noting that the time from filing to trial is 17 months as compared to 24 months in this district, that consideration alone is not dispositive. *H.B. Sherman,* 979 F.Supp. at 632. The use of statistics must be examined in light of the other considerations in the interests of justice. In weighing the above factors, the interests of justice do not clearly require transfer.[8]

---

7. This determination of personal jurisdiction is made for purposes of deciding the motion to transfer venue. It is not determinative of any subsequent motion by SkyWest, if SkyWest is joined as a third party, to dismiss for lack of personal jurisdiction.

8. Mesa and WestAir raised the issue of forum shopping for the first time in their reply brief even though all the facts for a forum shopping argument were available when they filed their initial motion to transfer venue. This maneuver is procedurally inappropriate. *Accord B.F. Goodrich Co. v. Lake in the Hills, Ill.,* No. 96 C 50346, 1997 WL 269481, at *9 (N.D.Ill. Apr.29,

### Conclusion

Mesa's and WestAir's motion to transfer the case to the Central District of California is denied. They have failed to demonstrate that transferring this case would be more convenient to the parties or witnesses, or would be in the interests of justice.

1997); *Escatel v. Cushman,* No. 96 C 399, 1996 WL 745332, at *2–3 (N.D.Ill.Dec.27, 1996).

United moved to strike this argument and that motion is granted.