DELTA AIR LINES, INC., Plaintiff,

v.

PERFEKT MARKETING,
INC., Defendant.

No. 12 C 01758.

United States District Court,
N.D. Illinois,
Eastern Division.

May 8, 2012.

Burton S. Ehrlich, Tanya Hiba Miari, John P. Luther, Ladas & Parry, Chicago, IL, for Plaintiff.

Blaine C. Kimrey, Bryan K. Clark, Jeffery S. Davis, Jordan Alan Stein, Lathrop & Gage LLP, Jan M. Michaels, Jeremy R. Schulze, Michaels & May, P.C., Chicago, IL, for Defendant.

## ORDER

EDMOND E. CHANG, District Judge.

Plaintiff Delta Air Lines has sued Defendant Perfekt Marketing, alleging federal trademark infringement and dilution, unfair competition under the Lanham Act, and various Illinois state law claims. R. 21. Perfekt, which is an Arizona company with no operations in Illinois, moves to dismiss for lack of personal jurisdiction, or alternatively to transfer the case to the District of Arizona on convenience grounds. R. 39. For the reasons explained below, the Court agrees that Illinois has little connection to the case (and what little connection it has is no more connection than any other state), whereas witnesses and documents relevant to the case are certainly located in Arizona. Thus, the case shall be transferred to the District of Arizona.

The change of venue statute, 28 U.S.C. § 1404, provides:

(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

 To justify a transfer of venue, the moving party must show that the venue would be proper in the proposed transferee district, the transferee district is more convenient for parties and witnesses, and transfer would serve the interests of justice. *Gueorguiev v. Max Rave, LLC,* 526 F.Supp.2d 853, 856 (N.D.Ill.2007). "The movant has the burden of establishing ... that the transferee forum is clearly more convenient." *Coffey v. Van Dorn Iron Works,* 796 F.2d 217, 219–220 (7th Cir.1986). There is no doubt that venue is proper in Arizona, as that is where Perfekt allegedly acted as a call center for the marketing firm that is distributing the allegedly-infringing advertisements. The interest-of-justice factor, normally turning on issues such as trying related litigation together, ensuring a speedy trial, and having the trial before a judge who is familiar with the applicable law, *Jaramillo v. DineEquity, Inc.,* 664 F.Supp.2d 908, 914 (N.D.Ill.2009), is a wash in this case where federal law forms the basis for the primary set of claims. So convenience will control the analysis.

 On convenience, Arizona trumps Illinois. Turning first to the question of the parties' convenience (as distinct from the witnesses' convenience), plaintiffs often bring cases in their home forum, and in those cases, the chosen forum naturally has a convenience point in its favor. But Illinois is not the home forum of Delta. Delta's headquarters are in Atlanta, Georgia. R. 23, Edward Arnold Aff. ¶ 4. Although "a defendant invoking *forum non conveniens* ordinarily bears a heavy burden in opposing the plaintiff's chosen forum, [w]hen the plaintiff's choice is not its home forum, ... the presumption ... applies with less force." *Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.,* 549 U.S. 422, 430, 127 S.Ct. 1184, 167 L.Ed.2d 15 (2007) (internal citations and quotations omitted). So the usual deference to home forum does not apply here. To be sure, Delta has substantial airline operations here. But none of that actually bears on the convenience of this District for this case—Delta makes no claim that evidence in this case is being gathered or housed in Delta's Chicago location. Indeed, the evidentiary affidavit submitted by Delta in support of its preliminary-injunction motion was signed by a Delta assistant general counsel based in Atlanta, not Chicago. R. 23, Arnold Aff. ¶ 2.

In contrast to the dubious convenience of this District to Delta, it is crystal clear that the convenience to Perfekt Marketing will be vastly improved by a transfer to Arizona. All of Perfekt's employees are located in Arizona, and Perfekt has no location outside Arizona at all. R. 42, Bill Fautsch Aff. ¶¶ 4–5, Thus, Arizona is where the parties will find any employee with knowledge of the client who distributed the allegedly-infringing advertisements. Plus, any of the call-center operators who handled inquiries in response to the ads will also be located in Arizona. So both the front-end of the factual background— the contract-formation with the advertiser—and the back-end of the factual background—the handling of the calls—will be found in Arizona. Accordingly, convenience of the parties weighs heavily in favor of transfer.[1]

---

**1.** Perfekt's slight contact with Illinois is also the basis for the motion to dismiss for lack of personal jurisdiction. Rather than squabble over personal jurisdiction in this District, it would make sense to sue in a district where personal jurisdiction is assured and get to the merits of the preliminary relief Delta wants. Indeed, Delta's litigative strategy has been

With regard to non-party witnesses, there is no reason to favor Illinois over Arizona. Delta's own evidence shows that the ads were distributed into a wide variety of states, and there is no more contact in Illinois than anywhere else; thus, there is no reason to believe that the recipients of the ads—who might be non-party witnesses—will be found more in Illinois than any other state.

This case belongs in Arizona, not Illinois. For all these reasons, Perfekt Marketing's motion to transfer, R. 39, is granted. This case is transferred to the District of Arizona.

odd from the case's start, when Delta sought a sweeping *ex parte* TRO (including freezing of assets) against what it believed to be a Canadian company, but the TRO request was based on no evidence of any contacts with Illinois and, worse, misidentification of the right defendant. *See* R. 17.